IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TINA BURTON                                                                                    PLAINTIFF

V.                              Case No. 4:13-CV-00073 KGB

METSO PAPER USA, INC.,
METSO CORPORATION,
WARTSILA NORTH AMERICA, INC.,
JOHN DOE CORPORATION NO. 1 and
JOHN DOE CORPORATION NO. 2                                              DEFENDANTS

PROTECTIVE ORDER

Counsel and consultants retained by the parties to the captioned litigation desire to obtain a site visit for the purpose of making an inspection of the Salvage Winder at the Pine Bluff facility of Evergreen Packaging Inc. ("Evergreen"), a non-party to this litigation. After considering the positions of Evergreen and the parties, the Court is allowing such visit and inspection pursuant to the following terms and conditions:

1.      It is understood and agreed by all persons participating in the inspection that the operations of Evergreen are confidential, proprietary, and/or include trade secrets that, if disclosed, might adversely affect Evergreen's competitive position or business operations. Accordingly, any information concerning those operations, other than those directly related to the Salvage Winder, derived as a result of the site visit constitutes confidential information for purposes of this Order.

2.      Because of Evergreen's concerns about business interruption and safety, the inspection is to be limited in terms of time, number of participants and scope as is set forth in this Protective Order. The attendees, other than representatives of Evergreen, permitted at the inspection shall be limited as follows:

        3 representatives for Tina Burton,
        2 representatives for the Metso defendants, and
        3 representatives for Wartsila North America, Inc.

The inspection itself may last no more than 4 hours total. The Salvage Winder machine will be stopped for the duration of the inspection, and the participants will be allowed to inspect, measure, and photograph the machine. The participants will not take any action during the inspection that will cause any disruption of the business operations of Evergreen's Pine Bluff facility. The participants will also comply with any safety instructions given by Evergreen during the inspection.

      3.      The inspection is restricted to the Salvage Winder machine in the Coated Publications Department at the Pine Bluff facility and the immediate area surrounding the machine.

      4.      The provisions of this Protective Order are applicable to counsel for each participating party, as well as the employees, agents, and/or partners of their law firms, retained consultants, and each party.

      5.      The following are the only persons besides the participants who may be permitted to learn the details of the site visit covered by this Protective Order:

      a. Any Party, or any employee of a Party, to whom it is necessary to disclose the information;

      b. Any member of a Party's counsel's law firm, or any employee of counsel, to whom it is necessary to disclose the information;

      c. Any person who is expressly retained or consulted by counsel for the purposes of testifying or rendering assistance and/or providing expert opinion, including prospective expert witnesses and/or consultants; but only to the extent necessary for such person to perform his or her assigned task; and

      d. The Court and those persons it recognizes as having a need to know, which by this Order specifically includes (i) all counsel of record and their assistants; and (ii) all court reporters and witnesses in any deposition in this case.

6. To the extent that any party seeks to use such information with any person to be interviewed by counsel as a prospective witness or deponent in this case, counsel will first advise Evergreen and seek the permission of the Court.

7. To the extent that any party uses such information during a deposition, that portion of the deposition transcript which makes reference to information subject to this Order shall be placed under seal. To the extent that any party seeks to use such information in any courtroom proceeding or in any filings with the Court, counsel will first advise Evergreen and seek the permission of the Court to make the use or filing under seal, if appropriate.

8. Each and every party, attorney, person and/or entity described in this Protective Order will not provide, describe or in any manner disclose, to any other person or entity not herein expressly described, any information subject to this Protective Order without the prior written consent of Evergreen. If such consent is withheld, or not given within a reasonable time, the party, attorney, person and/or entity seeking to disclose such information may seek approval and/or resolution of the issue from the Court. In no event may any information be used by any person or entity whatsoever for any reason or purpose not directly related to or connected with the claims and allegations made in the present litigation.

9. There shall be no questioning, gathering, or soliciting information from any Evergreen employee. Photographs and videos will be permitted only of the Salvage Winder and the immediate area surrounding the machine during the site inspection.

10. The rights of Evergreen under this Order shall not be deemed exclusive of, or in limitation of, any rights to which Evergreen may be entitled under applicable law.

11. Evergreen is revealing its confidential processes and information only pursuant to, and in reliance upon, the terms of this Order, and it shall not be modified or altered. Use of any confidential information at any phase of this litigation shall not alter the obligations set forth in this Order with regard to such confidential information. This Court shall retain jurisdiction over this Order for purposes of enforcement and adjudication of claims concerning alleged breaches of its provisions. Such jurisdiction shall survive the termination of this lawsuit.

SO ORDERED this 8th day of November, 2013.

_____
Kristine G. Baker
United States District Judge