IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TINA BURTON                                                                                                PLAINTIFF

v.                                          Case No. 4:13-cv-00073 KGB

VALMET, INC., et al                                                                                  DEFENDANTS

ORDER

Before the Court is the motion to quash, or, in the alternative, for protective order filed by nonparty Evergreen Packaging ("Evergreen") (Dkt. No. 57), to which plaintiff Tina Burton and defendant Valmet, Inc., have responded in opposition (Dkt. Nos. 59, 60) and Evergreen has replied (Dkt. No. 62). Also before the Court is Ms. Burton's motion for leave to file amended complaint (Dkt. No. 61) and her motion to amend final scheduling order (Dkt. No. 63) in which defendants Metso Corporation and Valmet join (Dkt. No. 64).

Evergreen in its motion to quash argues that it should not be required to designate a corporate representative for a deposition because it is not a party to the suit. Evergreen argues that Ms. Burton's subpoena with notice of deposition does not "take all reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" as required by Federal Rule of Civil Procedure 45(d)(1). Evergreen argues that the documents it has provided heretofore are more than sufficient to satisfy Ms. Burton's discovery requests and its obligations as a nonparty. Evergreen argues that providing a deponent to be examined on such matters is duplicative, unnecessary, and imposes an undue burden.

Ms. Burton argues that, in responding to a Rule 30(b)(6) notice or subpoena, a corporation may not take the position that its documents state the company's position. The Court agrees that, to the extent Evergreen has provided the documents requested by the parties, it need

not provide additional copies of those same documents at the deposition.  However, Ms. Burton's request to depose a corporate representative and the scope of the matters at issue are reasonable, relevant, within the scope of Rule 26 of the Federal Rules of Civil Procedure, and do not run afoul of Rule 45(d)(1).  Evergreen must comply with Ms. Burton's subpoena.  The Court is not convinced from the record before it that Ms. Burton can better obtain the information she seeks from Evergreen elsewhere, as Evergreen contends.

Evergreen contends that it obtained the business in 2007 and lacks knowledge or information about certain matters that predate 2007.  Ms. Burton maintains that certain documents that predate 2007 were produced by Evergreen.  With regard to information from before Evergreen obtained the business in 2007, "Rule 30(b)(6) implicitly requires the designated representative to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition."  *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 638 (D. Kan. 1999) (quotations omitted).  To the extent the information sought which predates Evergreen's acquisition of its business is known or reasonably available to Evergreen, it must prepare its corporate representative on such matters.  To the extent such information is not known or reasonably available to Evergreen, it need not prepare its corporate representative on such matters, but this Court will not foreclose questioning on these matters based on the record before it.

For these reasons, Evergreen's motion to quash, or, in the alternative, for protective order is denied in all other respects (Dkt. No. 57).

Ms. Burton's motion for leave to file amended complaint (Dkt. No. 61) has not been opposed, and the time to do so has passed.  Ms. Burton's motion to amend final scheduling order (Dkt. No. 63) is joined by defendants Metso Corporation and Valmet.  For good cause shown,

Ms. Burton's motion for leave to file amended complaint and motion to amend final scheduling order are granted (Dkt. Nos. 61, 63).  Ms. Burton is ordered to file the Amended Complaint attached to her motion within seven days of the date of this Order (Dkt. No. 61-1).  Pursuant to the parties' request, the deadlines in this case are hereby stayed.  An amended final scheduling order will be issued by separate order after Ms. Burton files the Amended Complaint and the Court conducts a scheduling conference with counsel for all parties.

SO ORDERED this 23rd day of April, 2014.

_____
Kristine G. Baker
United States District Judge